# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GODWIN UGWU, | :: | CIVIL ACTION NO. |
| Alien # A072-766-154, | :: | 1:10-CV-03152-WSD-SSC |
| Petitioner, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| ERIC HOLDER, | :: | HABEAS CORPUS |
| U.S. Attorney General, et al., | :: | 28 U.S.C. § 2241 |
| Respondents. | :: | |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Petitioner Godwin Ugwu—a native, citizen, and current resident of Nigeria—has filed this 28 U.S.C. § 2241 action seeking review of (1) the 1998 final order for his removal from the United States, issued by the Board of Immigration Appeals, (2) the December 2008 denial of his application for adjustment of status, issued by the Atlanta Field Office of the United States Citizenship and Immigration Service (USCIS); and (3) his ultimate removal from the United States in November 2009.  (Doc. 1, Pet. ¶¶ 1-13, 19, 57; see Doc. 2, Transfer Order (S.D.N.Y. Sept. 9, 2010) at 1-2.)  For the purpose of dismissal only, Ugwu is **GRANTED** leave to proceed *in forma pauperis*.

Rule 4 of the Rules Governing Section 2254 Cases,—which may be applied to Section 2241 cases, as provided in Rule 1(b)—allows for summary dismissal of a

habeas petition that plainly reveals relief is not warranted. See McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). Under this standard, this petition should be dismissed.

Congress has curtailed this Court's jurisdiction over immigration-related federal habeas corpus petitions. See REAL ID Act of 2005 § 106(a), 8 U.S.C. § 1252 (2006) (amending Immigration and Nationality Act (INA) § 242).[1] Congress has dictated that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D),[2] and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review - -

---

[1] Section 106(a) of the REAL ID Act applies "to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment," May 11, 2005. 8 U.S.C. § 1252 note.

[2] 8 U.S.C. § 1252(a)(2)(D) provides:

> Judicial review of certain legal claims. Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

2

> (i) any judgment regarding the granting of relief under [8 U.S.C. §§ 1229b or 1255, concerning adjustment of status, among other provisions],

8 U.S.C. § 1252(a)(2)(B), and that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) [pertaining to expedited removal].

id. § 1252(a)(5). "Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only" by direct petition for review in the relevant circuit court, id. § 1252(b)(9) & (a)(5), and except for review by such a direct petition, "no court shall have jurisdiction, by habeas corpus under section 2241 . . . or any other habeas corpus provision . . . to review such an order or such questions of law or fact," id. § 1252(b)(9); see also id. § 1252 (a)(5).

Under the above authority, this Court lacks jurisdiction over Mr. Ugwu's challenge to his final order of removal and related matters. See Mokarram v. U. S. Attorney Gen., 316 F. App'x 949, 952 (11th Cir. 2009) (unpublished decision) (noting that "[a] petition for review with the appropriate court of appeals is the 'sole and exclusive means for judicial review of an order of removal' ") (quoting 8 U.S.C. §

3

1252(a)(5)); Qiwu Zheng v. Chertoff, No. 8:07-cv-1749-T-23MSS, 2008 U.S. Dist. LEXIS 42307, at *1, 21-22 (M.D. Fla. May 28, 2008) (concluding that "[b]ecause 8 U.S.C. § 1252(a)(2)(B)(i) bars review of denials of adjustment of status in federal district court, neither 28 U.S.C. § 1361 (the mandamus statute) nor 5 U.S.C. § 702 (the Administrative Procedure Act) together with 28 U.S.C. § 1331 (the federal question statute) provides a basis for jurisdiction of [petitioner's] claims" regarding the denial of his application to adjust status) (footnotes omitted), aff'd, Qiwu Zheng v. Sec'y, Dep't of Homeland Security, 297 F. App'x 917, 918 (11th Cir. 2008) (unpublished decision) ("agree[ing] with the district court's finding that, to the extent the complaint sought review of the United States Citizenship and Immigration Services ("USCIS") decision to deny adjustment of status or the underlying discretionary or factual determinations, review was barred by 8 U.S.C. § 1252(a)(2)(B)," and "also agree[ing] with the district court's finding that any genuine constitutional or legal challenge to the denial of [petitioner's] application for adjustment of status, including his claim of denial of due process, is reviewable 'only upon a petition for review filed with an appropriate court of appeals. . . .' R.E.E., p.12, citing 8 U.S.C. § 1252(a)(2)(D)").

Section 1631 of 28 U.S.C. provides for transfer of civil actions to cure "want of jurisdiction" when "it is in the interest of justice" to do so.  Mr. Ugwu waited almost two years after the December 2008 denial of his request for adjustment of status, and

4

at least twelve years after his 1998 final order of removal, before filing the instant petition, challenging his order of removal in this, the wrong, Court. He has made no showing that would explain or justify why he filed in the wrong court. Accordingly, the undersigned does not find that it would be in the interest of justice to transfer this case to the court of appeals and declines to recommend such transfer. See, e.g., Lallan v. Dep't of Homeland Sec. Immigration & Customs Enforcement, No. 3:09cv255/RV/EMT, 2009 U.S. Dist. LEXIS 128981, at *3-5 (N.D. Fla. June 24, 2009) (declining to transfer habeas petition challenging final order of removal to court of appeals and distinguishing Mokarram (where there was no evidence that Mr. Mokarram was aware that a final order of removal had been entered against him when he sought habeas corpus relief in the district court and thus he filed his petition in the district court for "very understandable reasons") because "there appears to be no reason that Petitioner filed his petition in this court instead of the appropriate court of appeals," and, "although filing the petition in the appropriate court would now likely be time-barred, the petition was already time-barred when filed in this court"), adopted by 2009 U.S. Dist. LEXIS 65108 (N.D. Fla., July 28, 2009); see also 8 U.S.C. § 1252(b)(1) (providing 30-day deadline for appealing final order of removal).

Based on the foregoing, **IT IS RECOMMENDED** that Mr. Ugwu's petition for a writ of habeas corpus [1] be **DISMISSED** for lack of subject matter jurisdiction.[3]

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 29th day of November, 2010.

*Susan S. Cole*
SUSAN S. COLE
UNITED STATES MAGISTRATE JUDGE

---

[3] Although Mr. Ugwu claims that this Court has jurisdiction over his petition because he remains in the custody of Respondents, he also notes that he currently is "homeless and jobless in Nigeria." (See Doc. 1, Pet. ¶ 57.) Therefore, Mr. Ugwu is not in the custody of agents of the United States Government.