IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GODWIN UGWU,
Alien # A072-766-154,
        Petitioner,

v.

ERIC HOLDER,
U.S. Attorney General, et al.,
        Respondents.

1:10-cv-3152-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Susan S. Cole's Final Report and Recommendation ("R&R") [5] on Petitioner Godwin Ugwu's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") [1]. The Magistrate Judge recommended dismissal of the Petition for lack of subject matter jurisdiction. Petitioner did not file any objections to the R&R.

**I.  BACKGROUND**

Petitioner is a native, citizen, and current resident of Nigeria. On January 18, 1994, he was detained while entering the United States at JFK Airport in New York City. According to the United States Citizenship and Immigration Service (USCIS), Petitioner at that time presented a fake United States passport in an

attempt to enter the country, and signed a sworn statement that he was a citizen and resident of the United States.  On June 20, 1994, Petitioner appeared with counsel at a hearing before an immigration judge, where the charge of misrepresenting his citizenship was dropped.  Petitioner admitted that he was excludable from the United States on the grounds that he did not have a valid visa.  The immigration judge granted Petitioner until July 20, 1994, to apply for asylum.  On August 3, 1994, after Petitioner failed to submit an asylum application, the immigration judge issued an order of exclusion.  Petitioner alleges that his attorney agreed to file an asylum application on his behalf but failed to do so, and that he only learned of his attorney's failure after the 30-day time limit for appealing the August 3 exclusion order had expired.  Petitioner submitted a motion for reconsideration to the immigration judge, which was denied as untimely.  The Board of Immigration upheld the denial in 1998, making the order of exclusion final.

In October 2004, Petitioner, still residing in the United States, applied to USCIS for an adjustment of status based on the receipt of employment certification from the Department of Labor.  On January 11, 2007, USCIS ordered Petitioner to submit a form that would have formally requested a waiver of his excludability due to his 1994 misrepresentation of United States citizenship.  On December 11, 2008,

USCIS denied his application for an adjustment of status on the grounds that Petitioner failed to provide the documentation requested on January 11, 2007.

On May 29, 2009, Petitioner was detained by United States Immigration and Customs Enforcement. On November 5, 2009, Petitioner was removed to Nigeria. On July 7, 2010, Petitioner brought his Petition for a Writ of Habeas Corpus, seeking review of the 1998 final order of exclusion, the December 2008 denial of his application for adjustment of status, and his November 2009 removal from the United States.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983),

cert. denied, 464 U.S. 1050 (1984). Because the Petitioner did not object to the R&R, the Court reviews it for plain error.

      B.      Dismissal For Lack Of Subject Matter Jurisdiction

The Magistrate Judge found that this Court lacks subject matter jurisdiction over immigration-related federal habeas corpus petitions. Federal law provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). "[N]o court shall have jurisdiction to review" a denial of discretionary relief, such as an application for adjustment of status, except that constitutional clams and questions of law may be "raised upon a petition for review filed with an appropriate court of appeals." Id. §§ 1252(a)(2)(B), (D). This bar to jurisdiction extends to constitutional claims, such as a denial of due process, arising from removal proceedings. See Qiwu Zheng v. Sec'y, Dep't of Homeland Security, 297 F. App'x 917, 918 (11th Cir. 2008). This Court therefore lacks subject matter jurisdiction over Petitioner's claims, and this Court finds no plain error in the Magistrate Judge's conclusions of law on the matter.

The Magistrate Judge also considered whether "it is in the interest of justice" to cure the Petition's lack of jurisdiction by transferring it to an appropriate forum. 28 U.S.C. § 1631. Based on the long delays in seeking review after the 1998

exclusion order and the 2008 denial of his application for an adjustment of status, and in the absence of any explanation or justification for these long delays, the Magistrate Judge held that it is not in the interest of justice to transfer this case to the court of appeals.  His claims were already time-barred when Petitioner filed his Petition, see 8 U.S.C. § 1252(b)(1) (30 days to petition for review of an order of removal), and the Eleventh Circuit treats the limitation periods in Section 1252 as jurisdictional in nature, see Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  The Magistrate Judge therefore properly refused to transfer the Petition.  This Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law on this matter.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Final Report and Recommendation of Magistrate Judge Susan S. Cole is **ADOPTED** and Petitioner Godwin Ugwu's Petition for a Writ of Habeas Corpus is **DENIED** for lack of subject matter jurisdiction.  This action is **DISMISSED**.

**SO ORDERED** this 30th day of December, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE